1

Crosby S. Connolly (SBN: 286650)
crosby@westcoastlitigation.com

2

Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com

3

**HYDE & SWIGART**

4

2221 Camino Del Rio South, Suite 101
San Diego, CA 92108

5

Telephone:   (619) 233-7770

6

Facsimile:   (619) 297-1022

7

Attorneys for the Plaintiff

8

9

10

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

11

12

13

| | |
|---|---|
| Antwan Shelton Jr., | **Case No: 5:14-cv-00994-JFW-E** |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFAULT JUDGMENT** |
| v. | |
| Clear Credit Solutions LLC, | **NO ORAL ARGUMENT PURSUANT TO CIVIL LOCAL RULE 7.1(D)(1)** |
| Defendant. | **HON. JOHN F. WALTER** |
| | **DATE: DECEMBER 15, 2014 TIME: 1:30 PM DEPT.: 16** |

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HYDE & SWIGART
San Diego, California

# I. INTRODUCTION

Plaintiff submits this Memorandum of Points and Authorities in Support of his application for a Default Judgment and attorney's fees and costs against Defendant, Clear Credit Solutions LLC (hereinafter "Defendant"). Plaintiff submits on the pleadings and requests no oral arguments, unless required by the court.

# II. PROCEDURAL HISTORY

Plaintiff initiated this suit for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, and California Civil Code § 1788 *et seq*. ("Rosenthal Act"), a state statute modeled after the FDCPA, by filing a complaint with the Court on May 17, 2014, naming Defendant. [Docket #1]. On May 28, 2014, Defendant was served with a Summons and Complaint. [Docket #10]. To date, Defendant has failed to file with this Court any response to the Complaint. On October 9, 2014, the Court entered Clerk's Entry of Default as to Defendant upon Plaintiff's request. [Docket #12]. This motion for Default Judgment follows.

# III. ARGUMENT

## A.   REQUEST FOR ENTRY OF DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55(b)(2) allows for entry of default judgment by the Court. "A plaintiff does not receive default judgment as a matter of right; rather, a court has discretion as to whether it should be granted." *United States v. Boyce*, 148 F. Supp. 2d 1069, 1093 (S.D. Cal. 2001)(citations omitted). In exercising that discretion, courts consider the following factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Id*. (quoting *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th cir. 1986)).

1    In this case, the Court should have no doubt about the propriety of entering a

2    default judgment against Defendant. There is no question that the Defendant is

3    aware of the pending action, yet it refused to appear to defend the lawsuit. *See*

4    Decl. of Crosby S. Connolly ¶10-11.   Further, Plaintiff has already sought the

5    default of Defendant.  A copy of that request was timely served on Defendant, with

6    no response.  A substantial amount of time has lapsed between the time Defendant

7    was served the summons and complaint and this instant Motion for Default

8    Judgment.   In spite of that time lapse, Defendant has done nothing to defend its

9    interests in this case, or contact the Court with regard to the Entry of Default.

10   Plaintiff's Complaint adequately states a claim against Defendant for

11   violations of the FDCPA and California's Rosenthal Act (Cal. Civ. Code § 1788 *et*

12   *seq*.).   Accordingly, the Court should grant Plaintiff's request for default judgment

13   against Defendant.

14   **B.    STATEMENT OF FACTS**

15   Defendant engaged in the following illegal conduct which gives rise to this

16   action.  Plaintiff now provides this summary in order to provide the Court more of

17   an understanding of the basis for the amount of damages sought.

18   On or about April 18, 2014, Defendant called Michael Gibson, a close

19   family-friend of Plaintiff, by telephonic communication.  *See* Complaint, ¶ 27.

20   During this April 18, 2014 conversation with Michael Gibson, Defendant stated that

21   they were looking for Plaintiff, and that Plaintiff committed "check fraud," and that

22   Plaintiff owed Defendant "$300," of which, if Plaintiff did not immediately pay

23   Defendant said $300, that Defendant would file a lawsuit against Plaintiff.  *See*

24   Complaint, ¶ 28.   These statements by Defendant are without merit, and used to

25   coerce Plaintiff into settling the alleged debt.

26   Defendant communicated, in connection with the collection of a debt, with a

27   person other than the consumer, his attorney, a consumer reporting agency, the

28   creditor, the attorney of the creditor, or the attorney of Defendant.   Consequently,

**HYDE & SWIGART**
San Diego, California

1   Defendant violated 15 U.S.C. § 1692c(b).  *See* Complaint, ¶ 29.  Further, through

2   this conduct, Defendant engaged in conduct the natural consequence of which was

3   to harass, oppress, or abuse and used a false, deceptive, or misleading

4   representation or means in connection with the collection of a debt in violation of

5   15 U.S.C. § 1692d, 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).  *See* Complaint,

6   ¶ 30-31.  Defendant further used an unfair or unconscionable means to collect or

7   attempt to collect any debt in violation of 15 U.S.C. § 1692f. *See* Complaint, ¶ 33.

8     Further, through this conduct, Defendant represented or implied that

9   nonpayment of any debt would result in the arrest or imprisonment of a person or

10  the seizure, garnishment, attachment, or sale of property or wages of a person when

11  such action was not lawful Defendant did not intended to take such action.

12  Consequently, Defendant violated 15 U.S.C. § 1692e(4).  *See* Complaint, ¶ 33.

13    Because this violated certain portions of the federal Fair Debt Collection

14  Practices Act as these portions are incorporated by reference in the Rosenthal Fair

15  Debt Collection Practices Act, through California Civil Code § 1788.17, this

16  conduct or omission violated Cal. Civ. Code § 1788.17. *See* Complaint, ¶ 35.

17  **C.**   **DAMAGES**

18    **1.**   **PLAINTIFF IS ENTITLED TO STATUTORY DAMAGES UNDER THE**

19     **FDCPA AND ROSENTHAL ACT FROM DEFENDANT**

20    Statutory damages of up to $1,000.00 are available to Plaintiff under both

21  the FDCPA and Rosenthal Act for Defendants's unlawful collection activities.[1] The

22  FDPCA provides that any debt collector who violates any provision of the FDCPA

23  is liable for court-awarded damages of up to $1,000.00 in addition to any actual

24  damages sustained.[2]  Similarly, in addition to any actual damages, Plaintiff can

25  recover an amount between $100.00 and $1,000.00 under the Rosenthal Act for

26

27  [1] *See* 15 U.S.C. § 1692k(a)(2)(A), and Cal.Civ. Code § 1788.30(b).

28  [2] 15 U.S.C. § 1692k(a).

*HYDE & SWIGART*
*San Diego, California*

1    Defendant's illegal conduct.[3] These damages are akin to a penalty, *see Bartlett v.*

2    *Heibl,* 128 F.3d 497, 499 (7th Cir. 1997), and they require the Court to consider the

3    "frequency and persistence of noncompliance by the debt collector, the nature of

4    such noncompliance, and the extent to which such noncompliance was

5    intentional."   Here, Plaintiff has adequately set forth facts in his complaint, and

6    subsequent declarations, that such conduct by Defendant was willful and in

7    complete disregard for the rights of Plaintiff.  Accordingly, based on Defendant's

8    violations of the FDCPA and Rosenthal Act, Defendant is liable for the maximum

9    amount statutory damages of $2,000.00 to Plaintiff.

10         Plaintiff is not making a claim for actual damages under either statute.

11   **D.      PLAINTIFF IS THE PREVAILING PARTY TO THIS ACTION AND THEREFORE**

12           **ENTITLED TO AN AWARD OF ATTORNEY'S FEES AND COSTS**

13         The Supreme Court has defined a "prevailing party" as the party in whose

14   favor a judgment is rendered.  *Buckhannon Bd. And Care Home, Inc. v. VA Dep't. of*

15   *Health*, 532 U.S. 598, 603.   At the time the default judgment is entered, Plaintiff

16   will be the prevailing party.  As the prevailing party to the action, Plaintiff is

17   entitled to an award of attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)

18   (3).  Consumers are prevailing parties entitled to an award of attorney's fees and

19   costs for time expended in bringing the action.  *Smith v. Law Offices of Mitchell N.*

20   *Kay*, 762 F. Supp. 82 (D. Del. 1991).  The statutory language of the FDCPA makes

21   an award of attorney fees to the successful consumer mandatory.   *Booth v.*

22   *Collection Experts, Inc., 969 F. Supp.* 1161 (E.D. Wis. 1997).

23         ''The reason for mandatory fees is that Congress chose a 'private attorney

24   general' approach to assume enforcement of the FDCPA.''  *Tolentino v. Friedman*,

25   46 F.3d 645, 651 (7th Cir.1995).  Attorney's fee awards exceed the damage awards

26   in most cases, and there need be no proportionality between attorney's fees and

27   costs.  The Truth in Lending Act ("TILA") has identical attorney's fee language and

[3] Cal. Civ. Code § 1788.30(b).

28

**HYDE & SWIGART**
San Diego, California

1    courts interpret TILA as requiring the award of attorney's fees even in cases of

2    minor violations. In other words, fee shifting is central to the congressional goals

3    for the FDCPA as can be seen from the statute and its history.

4         Both the FDCPA and Rosenthal Act mandate the payment of attorney's fees

5    to a successful consumer.  The FDCPA states:

6

7         Except as otherwise provided by this section, any debt collector
         who fails to comply with any provision of this subchapter with
         respect to any person is liable to such person in an amount
8         equal to the sum of—  [actual damages];  [statutory damages];
         and;

9

10        (3) in the case of any successful action to enforce the foregoing
         liability, the costs of the action, together with a reasonable
         attorney's fee as determined by the court. 15 U.S.C. §1692k(a)
11        (3).

12

13   Similarly, the RFDCPA states:

14        In the case of an action to enforce any liability under this title,
         the prevailing debtor shall be entitled to costs of the action.
         Reasonable attorney's fees, which shall be based on the time
15        necessarily expended to enforce the liability, shall be awarded
         to the prevailing debtor.  Cal. Civ. Code §1788.30(c).

16        The purpose of this fee shifting provision is to attract competent counsel.

17   *Zagorski v. Midwest Billing Services, Inc.,* 128 F.3d 1164, 1167 (7th Cir. 1997).  In

18   litigation under the FDCPA, an award of reasonable attorney's fees is mandatory,

19   and not discretionary. *Graziano v. Harrison*, 950 F.2d 107, 113 (3rd Cir. 1991);

20   *Piples v. Credit Bureau of Lockport, Inc.,* 886 F.2d 22, 28 (2d Cir. 1989) ("Because

21   the FDCPA was violated, however, the statute requires the award of costs and

22   reasonable attorney's fees. . ."); *Mace v. Van Ru Credit*, 109 F.3d 338, 344 N.3 (7th

23   Cir. 1997).

24        An award of attorney's fees to a successful consumer under the FDCPA is

25   designed to compensate the consumer for his role in privately enforcing the

26   FDCPA, and Congress intended that the prevailing consumer recover reasonable

27

28

HYDE & SWIGART
San Diego, California

1 attorney's fees.[4]

2 **E.    ATTORNEY FEES SHALL BE CALCULATED PURSUANT TO THE LODESTAR**

3 **FORMULA**

4       The Ninth Circuit has determined that district courts must calculate awards

5 for attorney's fees using the "lodestar" method.[5] This is especially true with

6 FDCPA actions.   *See Ferland v. Conrad Credit Corp.*, 244 F.3d 1145 (9th Cir.

7 2001), an action against a debt collector pursuant to the FDCPA, "District courts

8 must calculate awards for attorneys' fees using the 'lodestar' method." The

9 "lodestar" figure is the hours reasonably expended multiplied by an allowed hourly

10 rate. *See Hensley v. Eckerhart*, 103 S.Ct. 1933, 1939 (1983) (viewing an award of

11 fees under 42 U.S.C. §1988).  The burden is on the applicant to prove that the fee

12 request is reasonable, with a strong presumption that the lodestar amount represents

13 a fair and appropriate fee award.

14       Although *Hensley* was decided in the context of a civil rights case, the

15 lodestar analysis is applicable to all cases involving an attorney fee shifting statute.

16 *Hensley*, 103 S.Ct. at 1941.   The Supreme Court has previously noted that, "We

17 have stated in the past that fee shifting statutes' similar language is 'a strong

18

19

20 _____

21 [4]   "Given the structure of the section, attorney's fees should not be construed as a special or
discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of
fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys

22 general." *Graziano*, 950 F.2d 107, 113 (3d Cir. 1991).  See also *DeJesus v. Banco Popular de
Puerto Rico,* 918 F.2d 232, 235 (1st Cir. 1990) (awarding attorney fees under the Truth in

23 Lending Act).

24 [5] See *Ferland v. Conrad Credit Corp.,* 244 F.3d 1145 (9th Cir. 2001); *Caudle v. Bristow Optical
Co., Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000); *Morales v. City of San Rafael*, 96 F.3d 359, 363

25 (9th Cir. 1996). "The 'lodestar' is calculated by multiplying the number of hours the prevailing
party reasonably expended on the litigation by a reasonable hourly rate." *Morales*, 96 F.3d at

26 363. Although in most cases, the lodestar figure is presumptively a reasonable fee award, the
district court may, if circumstances warrant, adjust the lodestar to account for other factors which

27 are not subsumed within it. *See, e.g., Van Gerwen v. Guarantee Mut. Life Co.,* 214 F.3d 1041,
1046 (9th Cir. 2000); *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1970)

28 (enumerating factors district courts may consider in determining fee awards).

HYDE & SWIGART
San Diego, California

1    indication' that they are to be interpreted alike."[6]     The determination of the

2    allowable hours rests with the sound discretion of the trial court.  *Hensley*, 103

3    S.Ct. at 1941.  Determination of the hourly rate by the trial court should consider a

4    rate "commensurate which [counsel] could obtain by taking other types of cases."

### 1.   PLAINTIFF'S ATTORNEY'S HOURLY RATE IS REASONABLE

6    Plaintiff's Counsel has calculated their fees at an hourly rate of $295.00 per

7    hour for associate Crosby S. Connolly. To support the billing rates, Plaintiff's

8    counsel set forth declarations and prior court findings, demonstrating recognized

9    expertise in this area of consumer litigation. See Decl. of Crosby S. Connolly.

### 2.   FEES AND COSTS INCURRED BY PLAINTIFF'S COUNSEL

11   Plaintiff's Counsel has completed several hours of work in this case,

12   including reviewing documents, researching various issues in the case, preparing

13   the motion for default judgment, and clerical work, emails, messages, etc. After

14   reducing or not charging for approximately 2 hours of work, Hyde & Swigart has

15   billed a total of 2.5 hours for Associate Crosby S. Connolly totaled $737.50 at a rate

16   of $295 per hour. Additionally, costs have included the federal filing fee, process

17   service charges, and photocopy charges for a total of $556.52. Added together,

18   Plaintiff is requesting at total of $1,294.02 in Attorney's Fees and costs. See Decl.

19   of Crosby S. Connolly Decl., Exhibit A and Exhibit B.

### 3.   PLAINTIFF'S COUNSEL'S REASONABLE HOURS EXPENDED AND

###      COSTS INCURRED

22   Reasonable billing discretion has been used throughout this case. See Decl.

23   of Crosby S. Connolly ¶ 23.  Using reasonable billing discretion, and reducing or

24   not charging for approximately two (2) hours of work, Hyde & Swigart has

---

[6]  *Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754, 109 S.Ct. 2732, 105 L.Ed. 2d 639 (1989) (*quoting Northcross v. Memphis Bd. Of Education*, 412 U.S. 427, 428, 93 S.Ct. 2201, 2202, 37 L.Ed.2d 48 (1973).) *See also City of Burlington v. Dague*, 112 S.Ct. 2638, 2641 (1992) (clean water act case applying lodestar analysis); *Simpson v. Sheahan*, 104 F.3d 998, (7th Cir. 1997) (civil rights case); *DeJesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 234 (1st Cir. 1990) (truth in lending case); *Piekarski v. Home Owners Savings Bank, F.S.B.*, 755 F. Supp. 859, 863 (D. Minn 1991) (retaliatory discharge case).

HYDE & SWIGART
San Diego, California

1   performed 2.5 hours of work in this case for a total of $737.50.   See Decl. of

2   Crosby S. Connolly ¶ 24, and attached Fees Report and Costs Report.   Plaintiff's

3   counsel also expended a total of $556.52.00 in costs which includes a filing fee and

4   service of process charges.   See Decl. of Crosby S. Connolly ¶ 26.

5                                   **IV. CONCLUSION**

6          Based upon the foregoing facts, law, and attached declarations, Plaintiff

7   respectfully requests that this court grant his Motion for Default Judgment and

8   attorney's fees and costs.   In the present case, Plaintiff requests a total award of:

9          1.  $2,000.00 in statutory damages;

10         2.  $737.50 in attorneys fees; and

11         3.  $556.52 in costs.

12         4.  Total award of $1,294.02.

13

14                                          Respectfully submitted,

15   Dated: November 5, 2014               **HYDE & SWIGART**

16

17                                          By: s/ Crosby S. Connolly
                                                Crosby S. Connolly
18                                              Attorneys for the Plaintiff

19

20

21

22

23

24

25

26

27

28

HYDE & SWIGART
San Diego, California